# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**NATHANIEL JOHNSON, #B84311,**

        **Petitioner,**

vs.                                            **Case No. 17-cv-931-DRH**

**CRAIG FOSTER,**

        **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Proceeding *pro se*, Petitioner Nathaniel Johnson filed a Petition pursuant to 28 U.S.C. § 2254 in this District on August 31, 2017. (Doc. 1). When Petitioner responded to this Court's Order (Doc. 3) directing him to pay his filing fee or move to proceed *in forma pauperis* claiming that he already had and attaching a receipt of his payment of the filing fee in Case No. 17-cv-909-DRH, it became apparent that Petitioner may not have intended to file this case. *See* (Doc. 4). To resolve this ambiguity, the Court directed Petitioner to notify it by November 20, 2017 as to whether he intended to file this new action or instead intended to file an amended petition in Case No. 17-cv-909-DRH. (Doc. 6). The Court also ordered him to pay his filing fee or file a motion to proceed *in forma pauperis* by the same deadline, if he wished to proceed with his claims. *Id*. Petitioner was warned that failure to respond by the deadline would result in dismissal of the action. *Id*.

1

Petitioner has since filed a response to this Court's order, asking the Court to dismiss this case without prejudice because he filed it prematurely. (Doc. 7, p. 1). The Court will grant his request and dismiss this case without prejudice. *See* Fed. R. Civ. P. 41(a).

Pursuant to Rule 11 of the Rules Governing Section 2254 cases in the United States District Courts, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a habeas petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Here, there is nothing to suggest that jurists of reason would debate the correctness of the Court's ruling or find a valid claim of the denial of a constitutional right, because Plaintiff requested that this case be dismissed. As such, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** without prejudice, per Petitioner's request. Fed. R. Civ. P. 41(a). The **CLERK** is directed to **CLOSE** this case. As Petitioner admits he intended to open this action, he will

be responsible for paying the filing fee. (Doc. 7, p. 1). His Motion for Leave to Proceed *In Forma Pauperis* will be addressed in a separate order of this Court.

**IT IS SO ORDERED.**

Judge Herndon
2017.11.30
11:34:22 -06'00'

**United States District Judge**